IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-140-BO

| | |
|---|---|
| DORIS MERCER *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     <u>O R D E R</u> |
| | ) |
| AMERICAN AIRLINES, INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant's motion for summary judgment [DE 19]. For the reasons stated herein, the motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiffs Doris and Stephen Mercer, husband and wife proceeding pro se, first filed suit in this matter in state court on February 7, 2014. The case was removed to federal court by former defendant Allianz Insurance Company. [DE 1]. Plaintiffs filed an amended complaint on April 28, 2014. [DE 9]. In this complaint, plaintiffs claim that Mrs. Mercer fell while attempting to open a broken door at John F. Kennedy International Airport in New York City on August 14, 2010. *Id.* Plaintiffs allege that Mrs. Mercer suffered serious physical injuries, loss of work, mental distress, and financial hardship due to defendant's negligent and intentional actions leading to her fall. *Id.* Plaintiffs alleged at least $650,000.00 damages. *Id.*

Defendant filed an answer to the complaint on May 22, 2014, which denied plaintiff's substantive claims. [DE 10]. On June 2, 2014, the clerk of court sent both parties a letter requiring that the parties have a Rule 26(f) meeting to set a discovery schedule by July 2, 2014. [DE 13]; *see* Fed. R. Civ. P. 26. On June 30, 2014, counsel for defendant entered a consent

motion requesting a 60 day extension on deadline, so plaintiffs would have time to retain counsel, as they told defense counsel they wished to do. [DE 15]. The motion was granted and time was extended until September 1, 2014. [DE 16]. However, a discovery plan was not actually filed until January 14, 2015. [DE 17]. In the plan which was eventually filed, defendant explained that repeated attempts to contact plaintiffs had failed, and plaintiffs had not appeared for the discovery meeting set by defense. *Id.* Consequently, defendant unilaterally prepared and submitted a discovery plan. *Id.* On February 2, 2015, Magistrate Judge Swank issued a scheduling order setting a discovery deadline of June 30, 2015. [DE 18].

On July 13, 2015, defendant filed the instant motion for summary judgment, which alleged that, despite warning plaintiffs of the grave consequences of not participating in discovery, plaintiffs did not respond to written discovery requests they received (notably, including requests for admissions), did not seek an extension of time, did not serve discovery on defendant, and did not disclose any expert witnesses. [DE 20]. A *Roseboro* letter was sent to each plaintiff on July 13, 2015. [DE 23, 24].

On August 6, 2015, plaintiffs filed a response to defendant's motion for summary judgment, along with many exhibits. [DE 25–27]. These documents were not presented in the form of responses to defendant's discovery requests or requests for admission; instead, they were merely included with plaintiffs' response, often without explanation or context. *Id.* Defendant filed a reply arguing that, even if plaintiff's documents were found to be relevant, they would prejudice the defendant at this stage in the litigation. [DE 28].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ.

2

P. 56(a). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the non-moving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [non-moving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

Federal Rule of Civil Procedure 36 concerns requests for admissions. Rule 36 states "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3). Once a matter is deemed admitted under Rule 36, it is "conclusively established" unless ruled otherwise by the Court. Fed. R. Civ. P. 36(b). Such conclusively established admissions suffice to support summary judgment. *See Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 173 (4th Cir. 2005) (quoting *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3rd Cir. 1992).

Here, plaintiffs' lack of support for their claims, coupled with their admissions by silence, is fatal to their case. First, by electing not to respond to defendant's requests for admissions in any way until faced with summary judgment, plaintiffs allowed the content of defendant's requests for admissions to be deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Defendant submitted twenty requests for admissions on March 20, 2015. [DE 21-1]. These included requests for admission such as, "[a]dmit that you did not fill out an accident report at the time or on the day of the incident," "[a]dmit that you did not seek medical attention on the day of the

3

incident," "[a]dmit that you have no pictures of the location at or about the time of the incident," "[a]dmit that people can fall without it being due to the negligence or fault of another party," and—most saliently—"[a]dmit that Defendant American Airlines, Inc. is not liable for the claims alleged in this action," and "[a]dmit that Defendant American Airlines, Inc. was not negligent in regard to the claims alleged in this action." [De 21-1]. Plaintiffs did not respond to these requests for admission, though, by Mrs. Mercer's own admission, plaintiffs did receive them. [DE 25-2]. According to Rule 36, then, the content of all defendant's requests for admissions are conclusively established. *See* Fed. R. Civ. P. 36(b).

While these conclusive admissions alone could suffice to grant summary judgment for the defendant, even notwithstanding the admissions, plaintiffs have not alleged facts sufficient to create a genuine issue of material fact to allow this matter to move forward. Plaintiffs have alleged negligence on the part of defendant, but they have not corroborated these claims with any evidence or testimony.

Plaintiffs have provided no medical records from at or near the time of injury substantiating any of the claims they have made. In their belated filing, plaintiffs did allege that Mrs. Mercer was seen by a doctor the night of the fall, but this is the first time in the more than five years since the incident that this encounter has ever been mentioned; in fact, it directly contradicts the incident report filed the next day, which states that no first aid or airport doctor was utilized. [DE 26-10].

Plaintiffs did provide some photographs in their belated response to defendant's motion to dismiss which depict injured teeth and a body with bruises and scrapes, but there was no authentication of the images whatsoever. The teeth images were taken in May 2015 (almost five years after the alleged injuries), and neither set of images contain identifying information as to

the subject of the picture. They do not appear to have been taken by a doctor or medical professional.

Plaintiffs have not provided testimony—or even names—of witnesses of any kind, lay or expert, who would substantiate their claims. Perhaps most saliently, they have not attempted to provide a statement from anyone who was at the scene of the alleged fall. Plaintiffs have also not provided images of the alleged fall site, including the broken door at issue.

In short, plaintiffs have done precisely that which summary judgment addresses: they have stated bold allegations but provided no support for them. This dearth of substantiation, combined with the conclusive admissions in response to defendant's requests for admissions, deals a fatal blow to plaintiffs' case. As a result, it is appropriate to grant defendant's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment [DE 19] is GRANTED. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the case.

SO ORDERED, this 23 day of October, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE